USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________
DATE FILED: 3-3-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- X

JEFFERY BERNSTEIN,
Plaintiff,

- against -

MAY SEEMAN et al.,

Defendants.

---------------------------------- X

08 Civ. 5899

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Pro se plaintiff Jeffery Bernstein ("Bernstein") brought this action against defendants May Seeman ("Seeman"), MEAG NY Corporation ("MEAG NY"), Munich Reinsurance America, Inc. ("Munich Re"), and Munich Reinsurance Germany (collectively, "Defendants"), alleging that Defendants discriminated against him on the basis of his religion, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Bernstein also alleged that Defendants retaliated against him after he initially filed his discrimination claim, and that Defendants defamed him. By Decision and Order dated January 9, 2009, the Court granted Seeman and MEAG NY's motion to dismiss Bernstein's amended complaint as to all claims against Seeman, and as to the defamation claim against MEAG NY. The Court also granted Munich Re's motion to dismiss the defamation claim against it, and denied Munich Re's motion as to the Title VII claim.

The Court referred this action to Magistrate Judge Kevin Nathaniel Fox for general pretrial purposes on January 12,

2009. MEAG NY filed an answer and counterclaim, dated January 26, 2009 ("Answer and Counterclaim"), alleging breach of contract and breach of the duty of loyalty. In a letter sent to Judge Fox via facsimile on February 2, 2009, Bernstein requested, in conclusory terms and without reference to or support from any cognizable legal basis, that any claims made by MEAG NY against him be dismissed. MEAG NY filed an opposition to the submission "as if it were a properly-made motion to dismiss," dated February 17, 2009. Bernstein responded in a letter sent by facsimile to Judge Fox on February 18, 2009. Judge Fox deemed the communications from Bernstein to be a motion to dismiss and referred the matter to this Court for decision.

Having reviewed the Answer and Counterclaim, Bernstein's communications from February 2 and February 18, 2009, and MEAG NY's opposition to the motion to dismiss, the Court denies Bernstein's motion to dismiss as premature. Bernstein argues that MEAG NY did not present sufficient factual details to support its claims, and he contests the factual accuracy of the counterclaims. When considering a motion to dismiss, the Court accepts the facts alleged in the counterclaim as true. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). MEAG NY's claims for breach of contract and breach of the duty of loyalty are not subject to a heightened pleading standard, and a motion to dismiss is not the proper stage at

which to resolve factual disputes. MEAG NY has fulfilled its duty to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Therefore, it is hereby

**ORDERED** that the motion (Docket No. 38) of plaintiff Jeffery Bernstein to dismiss the counterclaims of defendant MEAG NY is DENIED.

**SO ORDERED.**

Dated: New York, New York
3 March 2009

VICTOR MARRERO
U.S.D.J.